UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PETER PELLOW,

    Plaintiff.

v.                                    Case No. 05-73815

DAIMLER CHRYSLER SERVICES NORTH      Honorable Nancy G. Edmunds
AMERICA, LLC.

    Defendant.
_____/

**ORDER DENYING DEFENDANT'S MOTION TO COMPEL ARBITRATION AND TO DISMISS PURSUANT TO FRCP 56(c)**

This matter comes before the Court upon Defendant Daimler Chrysler Services North America, LLC's timely Motion to Compel Arbitration and Dismiss Pursuant to Federal Rule of Civil Procedure 56(c).[1]  Plaintiff Peter Pellow argues that the arbitration agreement is unenforceable for a number of reasons, discussed below.  Defendant argues that the arbitration agreement is enforceable, and therefore, arbitration should be compelled and summary judgment granted.  For the reasons set forth below, Defendant's Motion is DENIED as the Employee Dispute Resolution Process ("EDRP") is unenforceable for lack of mutual assent.

**I.    Facts**

As this is a motion for summary judgment, the facts are presented in the light most favorable to the non-moving party, Plaintiff.  Plaintiff applied for employment with Defendant

---

[1] Although Defendant mischaracterized its motion as a motion to dismiss, it correctly identified Rule 56(c), so this motion will be referred to as a motion for summary judgment.

by submitting an application for employment in March, 1999. The application included the following language: "In the event that I am employed by Chrysler Corporation or any of its subsidiaries . . . I agree that I will be governed by and must comply with Chrysler's Employee Dispute Resolution Process, which requires many employment-related claims to be resolved exclusively through arbitration." (Pl.'s Ex. C.) A copy of the EDRP was not attached to the application, but Human Resources Consultant Jeff Wassell testifies that the EDRP is accessible to employees through their supervisors, the company intranet, and the human resources department. (Def.'s Ex. 5.)

The EDRP provides a mandatory process by which employees can resolve employment-related disputes with Defendant. The EDRP is a five-step process that ends with final, and binding arbitration administrated by the American Arbitration Association ("AAA").

| Step | Procedure |
|---|---|
| A | Employee completes and signs Part A of the EDRP form, and submits it to his/her supervisor and Human Resources within 180 calendar days of the dispute. |
| B | Supervisor responds to employee by filling out Part B of the EDRP form, and returns it to the employee within 15 calendar days. |
| C | Employee completes and signs Part C of the EDRP form, and returns it to the Corporate Diversity Office, within 15 calendar days. |
| D | Corporate Diversity Office completes Part D of the EDRP form, and returns it to the employee within 20 calendar days. |
| E | Employee completes and submits Part E to AAA. |

(EDRP 1-2, Def.'s Ex. 2.)[2] The EDRP also provides that if Part B or D is not returned to an employee on a timely basis, the employee can immediately proceed to the next level of the process in accordance with the time requirements. (EDRP 3, Def.'s Ex. 2.)

Defendant hired Plaintiff as an accounting clerk in July, 1999. Defendant terminated Plaintiff's employment on June 6, 2005, after Plaintiff missed many days of work due to migraine headaches. On June 22, 2005, Plaintiff completed an EDRP form. Although he was only supposed to complete Part A, Plaintiff also completed Part C. Defendant received the EDRP form on June 29, 2005. On July 6, 2005, Defendant completed only Part B to allow Plaintiff to amend Part C. Plaintiff claims that he never received the EDRP form with Part B completed, nor did he receive notification from Defendant explaining that he needed to amend Part C. Plaintiff demanded arbitration through AAA because of Defendant's inaction on Parts B and D. AAA sent Plaintiff a letter on June 27, 2005, denying his demand for arbitration until Defendant had filled out Parts B and D. (Pl.'s Ex. O.) Finally, Plaintiff brought a claim against Defendant in this Court, and Defendant brought this Motion to Compel Arbitration and for Summary Judgment.

## II. Standard of Review

### A. Motion to Compel Arbitration

The Sixth Circuit set forth four determinations that the Court must make when determining whether to grant a motion to compel arbitration:

> first, it must determine whether the parties agreed to arbitrate; second, it must determine the scope of that agreement; third, if federal statutory claims are asserted, it must consider whether Congress intended those claims to be

---

[2]This is not a quotation, but a summary of the five steps of the EDRP.

> nonarbitrable; and fourth, if the court concludes that some, but not all of the claims in the action are subject to arbitration, it must determine whether to stay the remainder of the proceedings pending arbitration.

*Stout v. J.D. Byrider*, 288 F.3d 709, 714 (6th Cir. 2000).

Additionally, Plaintiff bears the burden of proving, by a preponderance of the evidence, that he is asserting a claim that should be heard in court, rather than by an arbitrator. *Anderson v. Delta Funding Corp.*, 316 F. Supp. 2d 554, 559 (N.D. Ohio 2004).

### B. Summary Judgment

Summary judgment is appropriate only when there is "no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The central inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). Rule 56(c) mandates summary judgment against a party who fails to establish the existence of an element essential to the party's case and on which that party bears the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

The moving party bears the initial burden of showing the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. Once the moving party meets this burden, the non-movant must come forward with specific facts showing that there is a genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). In evaluating a motion for summary judgment, the evidence must be viewed in the light most favorable to the non-moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). The non-moving party may not rest upon its mere allegations, however, but rather "must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

The mere existence of a scintilla of evidence in support of the non-moving party's position will not suffice. Rather, there must be evidence on which the jury could reasonably find for the non-moving party. *Hopson v. DaimlerChrysler Corp.*, 306 F.3d 427, 432 (6th Cir. 2002).

## III.   Analysis

Plaintiff makes several arguments as to why Defendant's Motion should be denied. The most important of these is that the agreement lacks mutual assent. In *Heurtebise v. Reliable Business Computers, Inc.*, 550 N.W.2d 243, 247 (Mich. 1996), the Michigan Supreme Court held that if an employee handbook contains an arbitration provision that can be unilaterally altered by the employer, the employer does not intend to be bound by it, and the arbitration agreement is unenforceable because a contract does not exist between the parties.

In this Court, two different judges have applied *Heurtebise* to the exact same EDRP now at issue finding that "Under the general contract principle requiring mutuality of obligation for a contract to be binding, the EDRP arbitration provision is not contractually enforceable as a matter of Michigan law." *Smith v. Chrysler Financial Corp.*, 101 F. Supp. 2d 534, 539 (E.D. Mich. 2000) (Steeh, J.). *See also Peters v. Chrysler Corp.*, No. 97-74971 (E.D. Mich. May 11, 1998) (Borman, J.) (unpublished).

Defendant notes the recent decision of *Waller v. Daimler Chrysler Corp.*, 391 F. Supp. 2d 594 (E.D. Mich. 2005) (Zatokff, J.), which also addresses the same EDRP at issue here, but grants Daimler Chrysler's motion to compel arbitration, and dismisses the case. In *Waller*, however, the plaintiff did not argue that there was a lack of mutual assent due to Daimler Chrysler's unilateral ability to alter the EDRP. Nonetheless, the Court's opinion included a footnote explaining in dicta that, "the Michigan Court of Appeals has on

5

two separate occasions found that an employer's reservation of the right to modify an employee manual did not render the arbitration provision unenforceable where, as here, there was no evidence that the employer ever exercised that right." *Id.* at 602. The two cases are *Rushton v. Meijer, Inc.*, 570 N.W.2d 271 (Mich. Ct. App. 1997), *overruled on other grounds by Rembert v. Ryan's Family Steak Houses, Inc.*, 596 N.W.2d 208 (Mich. Ct. App. 1999); and *Hicks v. EPI Printers, Inc.*, 702 N.W.2d 883 (Mich. Ct. App. 2005).

In both *Rushton* and *Hicks,* the Michigan Court of Appeals found several facts distinguishable from *Heurtebise*. For example, in *Heurtebise,* the employee handbook stated that it was not a contract, the employment was terminable at-will without notice, and the employer could modify the handbook at any time. *Rushton*, 570 N.W.2d at 273. The employee handbook at issue in *Rushton* provided for just-cause termination, included a severability clause as evidence that the employee manual was an enforceable contract, and contained a statement that the existing policies could be modified or deleted by the employer. *Id.* at 274. The employee handbook at issue in *Hicks* contained contractual terms, provided for at-will employment and mandatory arbitration, and allowed the employer prospectively to change the employee handbook. *Hicks*, 702 N.W.2d at 888. The analysis of both *Rushton* and *Hicks* are not persuasive as the difference between the employee manuals is slight. Furthermore, *Hicks* incorrectly explains part of the employment policy in *Rushton*, calling it at-will instead of "for just cause." *Id.* Consequently, the Court in *Hicks* held that an employment policy very similar to that in *Heurtebise* was enforceable.

In the present case, the EDRP Arbitration Procedure ("Arbitration Procedure") language provides, "Daimler Chrysler reserves the right to amend, modify, suspend, or terminate all or part of this EDRP at any time at its sole discretion." (Pl.'s Ex. S.) Plaintiff's

6

employment is at-will, and the terms of the EDRP provide evidence that it was meant to be an enforceable contract, through its severability clause. The only difference between the present facts and *Heurtebise* is that the Arbitration Procedure provides evidence that it is a contract because it includes a severability clause. Although the present agreement is distinguishable from *Heurtebise*, the distinction is of little consequence. There is some evidence that a contract exists between the parties—mainly the severability clause—but the unilateral modification and termination clause shows that Defendant does not intend to be bound. Therefore, mutual assent is lacking, and a contract does not exist between the parties. The EDRP is unenforceable.[3]

## IV. Conclusion

Being fully advised in the premises, having read the pleadings, and for the reasons set forth above and on the record, the Court hereby DENIES Defendant's Motion to Compel Arbitration and to Dismiss Pursuant to FRCP 56(c).

---

[3] Although it is unnecessary for the Court to reach this issue, the Arbitration Procedure contains a number of provisions that are unenforceable as they do not permit the effective vindication of Plaintiff''s rights. Arbitration Procedure § 6, ¶ 2 does not allow the arbitrator to award pay in lieu of future earnings. The Sixth Circuit, however, has held that front pay, or pay in lieu of future earnings, is an appropriate remedy under the FMLA. *See Arban v. West Publ'g Corp.*, 345 F.3d 390, 405 (6th Cir. 2003). Arbitration Procedure § 5, ¶ 3, (3) precludes the arbitrator from deciding any dispute based benefits, though the FMLA provides that benefits can be awarded as damages. 29 U.S.C. § 2671(a)(1)(A)(i)(I). Arbitration Procedure § 6, ¶¶ 4-5 allows Defendant to choose whether to pay damages or to reinstate the employee, but determining damages is the role of the judicial forum, and not the defendant. *Reithmiller v. Blue Cross & Blue Shield*, 390 N.W.2d 227, 233 (Mich. Ct. App. 1986). Finally, Arbitration Procedure § 6, ¶ 3 forces the arbitrator to deduct from any damages money received by an employee from collateral sources. This clause goes directly against Michigan's collateral sources doctrine, and therefore does not allow Plaintiff the remedies that he could receive in court. *See generally Tebo v. Havlik*, 343 N.W.2d 181 (Mich. 1984).

      s/NANCY G. EDMUNDS
      Nancy G. Edmunds
      United States District Judge

Dated: July 20, 2006

I hereby certify that a copy of the foregoing document was served upon counsel of record on July 20, 2006, by electronic and/or ordinary mail.

      s/Carol A. Hemeyer
      Case Manager